```
IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF TEXAS
          AMARILLO DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 2:13-CR-027-D(2) |
| | § | |
| JASON ANTHONY CASTILLO, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
## AND ORDER

Defendant Jason Anthony Castillo ("Castillo") has filed a March 14, 2019 motion requesting a judicial recommendation concerning length of placement in a Residential Re-entry Center ("RRC")/halfway house. The court denies the motion.

The court sentenced Castillo on January 15, 2014 to 130 months' imprisonment. At the time of sentencing, at Castillo's request, the court recommended to the Bureau of Prisons ("BOP") that Castillo be incarcerated where he can participate in a Comprehensive Drug Treatment Program and that Castillo be incarcerated as close to El Reno, Oklahoma as his classification allowed. On October 6, 2015 Castillo filed a motion requesting a 2-level reduction of sentence pursuant to the 2014 guideline amendments. The court granted the motion, and Castillo's sentence was reduced to 110 months' imprisonment.

Castillo now seeks another judicial recommendation. He has provided his BOP paperwork indicating that he is scheduled for release on November 11, 2020. Castillo acknowledges that this court cannot order his release to a RRC/halfway house, but he requests a recommendation for such release based on his incarceration history and his personal characteristics. Castillo does not indicate whether he has sought such release through the BOP or whether the BOP has indicated a position

on such release. Castillo requests a full 12 month recommendation in a RRC/halfway house from this court.

The court agrees with the reasoning of Judge Crone of the Eastern District of Texas, who denied a similar motion.

> Ultimately, the Federal Bureau of Prisons ("BOP") is responsible for determining a prisoner's place of incarceration based on several statutory factors, including any recommendation by the sentencing court. Although a sentencing court is permitted to make a recommendation concerning the type of penal or correctional facility, the court is of the opinion that a determination of if and when a prisoner should be allowed to serve the remainder of his sentence in a halfway house is best left to the discretion, experience, and expertise of the BOP.

*United States v. Baker*, 2016 WL 11265415, at *2 (E.D. Tex. Jan. 5, 2016) (citation omitted). Other courts have concluded that similar requests should be directed by the defendant to the BOP:

> In *United States v. Sneed*, the Fifth Circuit declined to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement, reasoning that "such requests are properly directed to the Bureau of Prisons." 63 F.3d 381, 389 n.6 (5th Cir. 1995). Same, too, here. Every's request is best directed to the Bureau of Prisons.

*United States v. Every*, 2018 WL 3997282, at *1 (E.D. La. Aug. 21, 2018); *see United States v. Tevino*, 2010 WL 3703663, at * 1 (S.D. Tex. Sept. 14, 2010) ("The discretion to designate an appropriate placement remains with the BOP. The Court will not make recommendations concerning placement other than those statements that might have been made at the time of sentencing."). The court therefore declines in its discretion to make another recommendation in a matter that is best left to the BOP to decide.

The motion is therefore denied because Castillo should direct his request to the BOP.

**SO ORDERED**.

April 11, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE